# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>DANIELLE SCHOONOVER,<br><br>　　　　　　　　　Defendant. | CASE NO. 08cr3060 WQH<br><br>ORDER |

HAYES, Judge:

　　The matter before Court is the motion for order dismissing indictment for outrageous government misconduct (Doc. # 40) filed by Defendant Danielle Schoonover.

## BACKGROUND FACTS

　　The charges in this case are based upon an incident on August 7, 2008 in which three individuals, including Defendant Danielle Schoonover, were traveling in a 1998 Chevy Malibu entered the United States at the Calexico West Port of Entry. A Customs and Border Patrol Officer referred the vehicle to secondary for further inspection. At secondary inspection, a narcotics dog alerted to the front of the vehicle. Further inspection resulted in the discovery of 22 packages wrapped in carbon paper and clear plastic hidden within the front fender of the vehicle. The packages tested positive for marijuana. The total weight of the packages was 34.40 kilograms.

　　On September 10, 2009, the grand jury returned an indictment charging three defendants including Defendant Schoonover with one count of importing marijuana in violation of 21 U.S.C. § 952 and 960 and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

1       On September 11, 2008, Defendants were arraigned and entered pleas of not guilty.

2       On October 10, 2008, Defendant Schoonover filed a motion for severance, discovery, leave to file additional motions, and joinder. (Doc. # 24). Defendant Schoonover requested the preservation of evidence including all physical evidence which relates to the arrest or the events leading to the arrest.

      On October 15, 2008, the Government filed a Response to Defendant's motion to compel discovery. (Doc. # 28). The Government stated that it will "make every effort to preserve evidence it deems to be relevant and material to the case." (Doc. # 28 at 5). The Government stated that it "will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects that is within its possession, custody or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in chief at trial or was obtained from or belongs to Defendant." (Doc. # 28 at 6).

      On October 20, 2008, the Court held a hearing and addressed discovery matters.

      On November 3, 2008, Counsel for Defendant Schoonover wrote a letter to Counsel for the Government requesting an opportunity to inspect all physical evidence in the case including in part the "vehicle and any and all contraband sized (sic)." (Doc. # 39-3 at 1).

      On November 21, 2008, the Court held a hearing and addressed discovery matters.

      On January 12, 2009, the Court held a motion hearing and addressed discovery matters.

      On January 14, 2009, Counsel for Defendant Schoonover wrote a letter to Counsel for the Government stating in part "it is imperative that I have the opportunity to view all physical evidence obtained by the government." (Doc. # 39-3 at 2).

      On February 4, 2009, Counsel for the Government wrote a letter to Counsel for Defendant Schoonover stating in part "[i]n response to your letter dated January 14, 2009, this letter is to advise you that the case agent has informed me that the bulk evidence . . . was destroyed on January 8, 2009 and the vehicle was sold for scrap on December 12, 2008. Accordingly, there will be no opportunity available for you and your investigator to review the

1  evidence. However, there are color photographs of the bulk evidence and vehicle that I will
2  make available to you." (Doc. # 39-3 at 3).

## CONTENTIONS OF PARTIES

4  Defendant Schoonover contends that this Court should dismiss the indictment against
5  her on the grounds that the government destroyed material exculpatory evidence. Defendant
6  contends that she need not demonstrate bad faith on the part of the government because the
7  evidence was material exculpatory evidence. In the alternative, Defendant requests dismissal
8  of the indictment pursuant to the Court's supervisory powers based upon a violation of due
9  process. In the event that the Court views the evidence as only potentially exculpatory,
10 Defendant requested an evidentiary hearing to determine whether the agents decision to
11 destroy the evidence was an act of bad faith.

12  The Government contends that there are no grounds to dismiss the indictment in this
13 case. The Government asserts that there are no facts to support the Defendant's assertion that
14 the destruction of the bulk marijuana and the vehicle in this case is a *Brady* violation or a due
15 process violation. The Government asserts that the marijuana was destroyed pursuant to a
16 routine procedure because there was not signed court order provided to the case agent to
17 preserve the evidence. The Government further asserts that defense counsel may view the
18 marijuana samples and the photographs of the load vehicle.

## APPLICABLE LAW

20  The Supreme Court held in *Arizona v. Youngblood*, 488 U.S. 51 (1988) "unless
21 a criminal defendant can show bad faith on the part of the police, failure to preserve potentially
22 useful evidence does not constitute a denial of due process." *Id*. at 58. Dismissal of the
23 indictment under the court's supervisory powers for prosecutorial misconduct requires (1)
24 flagrant misbehavior and (2) substantial prejudice. *United States v. Jacobs*, 855 F.2d 652, 655
25 (9th Cir. 1988). Negligence or gross negligence does not rise to flagrant misbehavior but
26 "reckless disregard for the prosecution's constitutional obligations" may rise to flagrant
27 misconduct. *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2007).

28  "Suppression by the prosecution of evidence favorable to the accused upon request

1 violates due process where the evidence is material either to guilt or to punishment,
2 irrespective of good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83,
3 87 (1963). A *Brady* violation can justify the dismissal of the indictment in order to remedy
4 outrageous governmental conduct amounting to a due process violation. *See e.g. United States*
5 *v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991).

## RULING OF THE COURT

7 The Court received and considered an in camera submission by the defense and
8 conducted an evidentiary hearing in order to complete the record. There was no evidence to
9 support a finding that any government official acted in bad faith or destroyed any evidence
10 favorable to the Defendant. The vehicle and the drugs in this case were destroyed by the
11 custodians pursuant to general policies and procedures in the absence of a court order to the
12 contrary. There was no preservation order presented to the Court by the defense and no order
13 of the Court was violated. The evidence presented established that prior to the destruction of
14 the vehicle, government agents conducted a systematic search of the entire vehicle and
15 removed all personal property. The evidence established that all personal property was boxed
16 and returned to the Defendant. There is no evidence upon which to conclude that the drugs or
17 the vehicle were materially exculpatory or potentially exculpatory in any way or that the
18 destruction of the drugs or the vehicle affected in any manner the Defendant's ability to defend
19 herself against the charges in the indictment. There are no grounds upon which this Court
20 would conclude that the daily diary allegedly missing or the receipts and slips of paper
21 theoretically destroyed were in any way exculpatory or supported any theory of the defense.

22 IT IS HEREBY ORDERED that the motion for order dismissing indictment for
23 outrageous government misconduct (Doc. # 40) filed by Defendant Danielle Schoonover is
24 denied.

25 DATED: April 7, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge